**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LEO SCHAFF,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | **NO. 3:13-CV-304-BF** | |
| § | | |
| **CAROLYN W. COLVIN,** § | | |
| **Commissioner of Social Security,** § | | |
| § | | |
| **Defendant.** § | | |

## MEMORANDUM OPINION & ORDER

Plaintiff Leo Schaff ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying his claim for a period of disability and disability insurance benefits under Title II of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

## Background

Plaintiff alleges that he is disabled due to a variety of ailments including, acute alcoholic hepatitis, inflamed kidneys, mental confusion, poor mobility, increased forgetfulness, and poor balance. Tr. [D.E. 13-6 at 3, 29, 46]. After his application for disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge. That hearing was held on September 8, 2011. *See id.* [D.E. 13-2 at 30]. At the time of the hearing, Plaintiff was 61 years old. *See id.* [D.E. 13-5 at 2]. Plaintiff has two years of college education. *See id.* [D.E. 13-2 at 33]. Plaintiff has past work experience as a senior quality assurance engineer and last worked in that position in April of 2009 because he was given the option of being

dismissed or accepting a voluntary termination. *See id.* [D.E. 13-2 at 33-34]. Plaintiff has not engaged in substantial gainful activity since February 1, 2010. *See id.* [D.E. 13-2 at 15].

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. *See id.* [D.E. 13-2 at 13]. Although the medical evidence established that Plaintiff suffered from Hepatitis and Chirrhosis, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* [D.E. 13-2 at 15-20]. The ALJ determined that Plaintiff had the RFC for light work, except that he could lift and carry 20 pounds occasionally and 10 pounds frequently; stand and or walk for six hours in an eight hour workday; sit for six hours in an eight hour workday; not climb ladders, ropes or scaffolds; avoid extreme cold and heat; avoid fumes and odors; and perform frequent but not constant fingering. *See id.* [D.E. 13-2 at 20]. The ALJ further determined that Plaintiff had the RFC to perform his past relevant work as a supervisor of vendor quality. *See id.* [D.E. 13-2 at 24]. Plaintiff appealed that decision to the Appeals Council. *See id.* [D.E. 13-2 at 2]. The Council affirmed. *See id.* [D.E. 13-2 at 2]. Plaintiff then filed this action in federal district court.

## **Legal Standards**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## **Analysis**

Plaintiff's appeal raises the following issues:

1. Whether the new evidence submitted to the Appeals Council dilutes the record such that the ALJ's decision is not substantially supported;

2. Whether the ALJ's step two finding is erroneous because he failed to find Plaintiff's mental impairments severe; and

3. Whether the ALJ made erroneous credibility findings.

Pl.'s Br. [D.E. 18 at 4-5].

Plaintiff first contends that the new evidence submitted to the Appeals Council dilutes the record such that the ALJ's decision is not substantially supported. *See id.* [D.E. 18 at 15]. Plaintiff's request for review of the ALJ's decision was submitted to the Appeals Council with opinions from his treating physician and hepatology specialist, Dr. Jacqueline O'Leary. Pl.'s Br. [D.E. 18 at 16]; Tr. [D.E. 14-6 at 102-119]. Plaintiff was under the care of Dr. O'Leary from April of 2010 to April

of 2011. Pl.'s Br. [D.E. 18 at 16]. Dr. O'Leary characterized his prognosis as poor and assessed him with limitations that would prevent him from working full-time at even a sedentary position. Tr. [D.E. 14-6 at 102-119]. Plaintiff contends that while Dr. O'Leary's opinions directly contradict the ALJ's findings which were adopted by the Appeals Council, the Appeals Council's entire analysis of Dr. O'Leary's opinions consisted of two sentences which stated: "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision." *See* Tr. [D.E. 13-2 at 2-3]; Pl.'s Br. [D.E. 18 at 16].

The Appeals Council's failure to specifically address Dr. O'Leary's opinions was an error. *See Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir.2000) (holding that "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)."). The Appeals Council, held to the same level of review as the ALJ, should have either remanded the case to the ALJ or should have thoroughly discussed Dr. O'Leary's assessment. Its denial, however, did not contain a discussion of the 20 C.F.R. § 404.1527(d) criteria in considering Dr. O'Leary's assessment. *See id.* Given that Dr. O'Leary was Plaintiff's treating physician, her opinion should ordinarily have been "accorded considerable weight." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985) ("This court has repeatedly held that ordinarily the opinions, diagnoses and medical evidence of a treating physician who is familiar with the claimant's injuries, treatment, and responses should be accorded considerable weight in determining disability."). However, what weight, if any, was

given by the Appeals Council is not reflected in its summary denial. A denial of benefits should "contain specific reasons for the weight given to the treating source's medical opinion . . . and be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *See* Soc. Sec. Ruling 96-2p, 1996 WL 374188, at *4-5. Anyone reviewing the denial can conclude the Council did not give much, if any, weight to Dr. O'Leary's assessment. With the submission of significant new evidence should have come new findings by the Council. *See Carry v. Heckler*, 750 F.2d 479, 486 (5th Cir. 1985). The Appeals Council's boilerplate, conclusory language of its denial in cases such as this one involving new evidence from a treating physician is insufficient to comply with the Council's duties of review. *See Martinez ex. rel. T.P. v. Colvin*, No. 2:12-CV-49-J, 2013 WL 1194234, at *4 (N.D. Tex. Mar. 7, 2013); *Stevenson v. Astrue*, 3:07-CV-269-N, 2008 WL 1776504, at *4 (N.D. Tex. Apr. 16, 2008); *Green v. Astrue*, 3:07-CV-291-L, 2008 WL 3152990, at *11 (N.D. Tex. Jul. 30, 2008); *Stewart v. Astrue*, 7:07-CV-952-BD, 2008 WL 4290917, at *4 (N.D. Tex. Sept. 18, 2008); *Jones v. Astrue*, No. H-07-4435, 2008 WL 3004514, at *4-5 (S.D. Tex. Aug. 1, 2008). Therefore, Plaintiff's contention that the Appeals Council failed to properly consider Dr. O'Leary's opinions is valid.

The Commissioner makes several invalid arguments. First, the Commissioner argues that Plaintiff does not meet the "good reason" prong in *Leggett* because he does not have an adequate reason as to why the records submitted to the Appeals Council were not presented to the ALJ. *See* Def.'s Br. [D.E. 20 at 10]. However, this argument is without merit because *Leggett* involves consideration of new evidence submitted to the district court, not to the appeals council. *See Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 333-36 (N.D. Tex. 2003). The social security regulations, 20 C.F.R. § 404.970(b), "expressly authorize[] a claimant to present new evidence to

the Appeals Council without a 'good cause requirement' . . . ." *Rodriguez*, 252 F. Supp. 2d at 333. The Commissioner also argues that the additional materials submitted are cumulative because Dr. O'Leary's medical source statements "are similar, and almost exact, to the opinions in the medical source statement by Robert Deuell, M.D." Def.'s Br. [D.E. 20 at 13-14]. The Commissioner's argument that Dr. O'Leary's opinion is cumulative of Dr. Deuell's opinion lacks merit because they are separate treating physicians and the fact that they give opinions so similar to the extent that the Commissioner is arguing they are cumulative only supports the Plaintiff's position that perhaps the Appeals Council would have reversed the ALJ's decision if the new evidence was given a thorough consideration. Here, the Commissioner does not point to reliable medical evidence from a treating or examining physician controverting Dr. O'Leary's opinion. As the Commissioner contends, a treating physician's statement unsupported by objective evidence will not support a finding of disability. However, absent reliable medical evidence from a treating or examining physician controverting the claimant's treating physician, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d). Here, such controverting evidence was not present, and therefore, the Appeals Council was required to do a detailed analysis prior to rejecting Dr. O'Leary's opinion.

## Conclusion

For the reasons stated above, the final decision of the Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.[1]

---

[1] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

SO ORDERED, this 15th day of April, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

8